IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI         *10-12541*

IN RE:   DONNA J. CULLIN                       CASE NO. ~~10-12077~~-DWH-13

## AGREED ORDER GRANTING VANDERBILT MORTGAGE AND FINANCE, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY FROM DEBTOR'S ESTATE

On consideration before the Court is the motion of Vanderbilt Mortgage and Finance, Inc., purchaser of the loan described herein and the duly appointed attorney-in-fact and agent for First Merit Bank, N.A., a national banking association (successor in interest to, or otherwise known as, Signal Bank National Association, Signal Bank, N.A., Signal Bank National Assoc., First Merit N.A., First Merit Bank, First Merit, and First Federal Savings & Loan of Wooster) ("Movant" or "Vanderbilt"), for relief from the automatic stay presently protecting the interests of the Debtor, Donna J. Cullin ("Debtor"), in certain personalty and for abandonment of same from the Debtor's estate ("Motion for Relief") (Dkt. #14); the parties having reached a compromise and settlement of their respective positions, the Court hereby finds same to be well taken and further finds and adjudicates as follows, to-wit:

1. This Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. §1334, 11 U.S.C. §362, and 11 U.S.C. §554, along with other related statutes and rules. This is a core proceeding as defined by 28 U.S.C. §157(b)(2)(A) and (G).

2. On or about June 23, 2000, Debtor executed a Promissory Note ("Note") and Land Deed of Trust ("Deed of Trust") in the amount of $39,364.14, which were subsequently purchased by and assigned to Vanderbilt. To secure this indebtedness, Debtor granted Vanderbilt a valid first perfected lien interest in certain real property located in Pontotoc County, Mississippi. To further secure this indebtedness, Debtor granted Vanderbilt a valid first perfected security interest in one (1) 2000 Buccaneer manufactured

665976

home bearing serial number ALBUS28716 ("Manufactured Home") (collectively the "Collateral"). Copies of the Note, Deed of Trust, Assignment of Deed of Trust and Mississippi Certificate of Title for a Vehicle evidencing Vanderbilt's lien are attached to the Motion for Relief as part of collective Exhibit "1."

3. On May 24, 2010, Debtor filed her voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Code. Subsequent thereto, the Debtor filed a proposed Chapter 13 Plan of Reorganization (Dkt. #8), which proposes, *inter alia*, for the Debtor to surrender her interest in the Collateral and to pay zero to Vanderbilt on the secured portion of its claim. A copy of the Debtor's Plan is attached to the Motion for Relief as part of collective Exhibit "1."

4. The Debtor has announced her intent to surrender the Collateral to Vanderbilt and has no objection to the relief requested in Vanderbilt's Motion for Relief.

5. The amount owed Vanderbilt under the Note as of June 21, 2010, $31,029.40, exceeds the combined value of the manufactured home and realty, $18,311.00 (approximately $12,811.00 for the manufactured home according to the NADA manufactured housing appraisal guide and approximately $5,500.00 for the realty based on pre-petition appraisal) and, as such, there is no equity in the Collateral as contemplated by 11 U.S.C. §362(d)(2)(A). Since the Debtor, through her plan, proposes to surrender the Collateral and pay zero to Vanderbilt, same is not necessary for her effective reorganization as contemplated by 11 U.S.C. §362(d)(2)(B).

6. Accordingly, the automatic stay, as contemplated by 11 U.S.C. §362, as same pertains to Vanderbilt, is hereby lifted. Furthermore, the manufactured home and realty referenced herein are abandoned from the Debtor's estate pursuant to 11 U.S.C. §554.

7. Upon the disposition of the Collateral, Vanderbilt shall report any surplus to the Chapter

665976

13 Trustee and have the ability to file an unsecured claim against the Debtor's estate should there be a deficiency balance after liquidation of the Collateral.

8. The provisions of Rule 4001(a)(3) of the Bankruptcy Code are hereby waived and Vanderbilt is entitled to immediately to take the steps necessary pursuant to applicable state and/or federal law to foreclose its security interest in the Collateral.

SO ORDERED AND ADJUDGED, this the 28th day of June, 2010.

*David W. Houston, III*

HONORABLE DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

APPROVED AS TO CONTENT AND FORM:

*James P. Wilson, Jr.*
James P. Wilson, Jr. (MSB# 10783)
Mitchell, McNutt & Sams, P.A.
P.O. Box 1366
Columbus, MS 39703
*Attorney for Vanderbilt Bank, N.A.*

*R. Gawyn Mitchell*
R. Gawyn Mitchell
Post Office Box 1216
Columbus, MS 39703
*Attorney for Debtor*

Terre M. Vardaman w/ permission by JPW
Terre M. Vardaman
Post Office Box 1326
Brandon, MS 39043-1326
*Chapter 13 Trustee*

665976